## Tess, Appellant, v. Charleroi Home Building Company.

506

Argued April 25, 1929.

Before Trexler, Keller, Linn, Gawthrop, Cunning-ham and Baldrige, JJ.

*Sidney J. Watts,* and with him *Vernon Hazzard,* for appellant.—Surface drainage which the servient owner must accept does not include deposits of soil: Middlesex Co. v. McCue, 149 Mass. 103; Pomeroy on Equity Jurisdiction, 4th Ed., Vol. 4, Sec. 1357; Wally v. Baldwin, 94 Pa. Superior Ct. 199.

*Roy I. Carson,* for appellee.—Damage done by surface drainage, including deposits carried therewith, if diverted by a land owner without negligence, is damnum absque injuria: Kauffman v. Griesemer, 26 Pa. 407; Strauss v. Allentown, 215 Pa. 96; Reilly v. Stephenson, 222 Pa. 252; Pennsylvania Coal Co. v. Sanderson, 113 Pa. 126; Collins v. Chartiers Valley Gas Co., 131 Pa. 143; Miller v. Laubach, 47 Pa. 154.

Opinion by Gawthrop, J., July 2, 1929:

Plaintiff filed a bill in equity in the court below praying for an injunction to restrain defendant from permitting deposits of earth to wash down from its land upon an adjoining lot of plaintiff, and to compel

it to construct a retaining wall to protect his property against this damage, etc. After an answer was filed the case was submitted to a referee pursuant to Equity Rule No. 63. The report of the referee recommended that the bill be dismissed. When the report of the referee came before the court in banc on exceptions taken by plaintiff thereto there was entered a final order dismissing the bill. Plaintiff appeals.

The testimony has not been printed, the case being submitted to us upon the facts as found by the referee. From the referee's report these material facts appear: Plaintiff is the owner of a lot of ground in the Borough of Speers, Washington County, Pennsylvania, on which he has erected a two story frame dwelling house. The lot lies on the lower portion of a hillside which slopes naturally downward in a northerly direction. It is fourteen feet in width at its eastern end, seventy feet in width at its western end, three hundred feet in length on one side and two hundred and forty feet in length on the other side. Defendant is the owner of a a large tract of urban land on the hillside above and south of plaintiff's lot. This tract was a pasture field prior to the summer of 1925, when it was laid out in lots and improved by the laying out of concrete streets and sidewalks. In the grading of the streets and making the fills incident thereto, defendant destroyed the sod which heretofore had tended to prevent the washing of earth from its land to and upon the lands below, including that of plaintiff. One of the streets was parallel with, and one hundred feet distant from, the southern line of defendant's lot. To support this street defendant made a fill of 4,500 cubic yards of shale and clay. By the construction of this fill the area of defendant's land draining toward plaintiff's lot was reduced from 70,000 to 25,000 square feet. The slope of the fill was not sodded but it was con-

structed in accordance with good engineering methods and without negligence. After the making of the fill the surface drainage from rain, etc., caused dirt and soil from the fill to be carried upon plaintiff's lot and deposited there.

The referee found as matter of law that "there is no liability where dirt, soil and the off-scourings of lands of a dominant owner, following the making of improvements without negligence, is carried and deposited on the lands of a servient owner by surface drainage," and that the injury sustained by plaintiff was damnum absque injuria. He relied upon the decisions in Strauss v. Allentown, 215 Pa. 96, and Rielly v. Stephenson, 222 Pa. 252, as sustaining his conclusion. The court below adopted the same view.

In Strauss v. Allentown, supra, it was decided that a city is not liable to a property owner for the increased flow of surface water over or onto his property, arising merely from the changes in the character of the surface produced by the opening of streets, building of houses, etc., in the ordinary and regular course of the expansion of the city. Chief Justice MITCHELL said: "Every man has the right to the natural, proper and profitable use of his own land and if, in the course of such use without negligence, unavoidable loss is brought upon his neighbor, it is damnum absque injuria. This is the universal rule of the common law and nowhere is it more strictly enforced than in Pennsylvania."

In Rielly v. Stephenson, supra, the parties owned adjoining lots on a sloping hillside and the surface drainage from rain, etc., ran over both lots from the rear to the front. The defendant improved his lot first and in so doing raised the grade in parts. In consequence of the raised grade, the water which had previously spread over the surface of both lots ran

over plaintiff's. This was a natural and inevitable result of the defendant's improvement of his lot, and it was not charged that it was negligently done. The court below held as matter of law that the defendants had the right to grade their lot in the manner described without regard to the natural drainage of the locality, but added the qualification that "in doing so, however, the owner of a lot must take care of the drainage of the surface water by means of artificial appliances, so as not to injure or damage the other or adjacent land holders." The Supreme Court held that the right of the defendant to shut out the surface flow from his lot was not accompanied by an obligation to prevent it from flowing over the adjacent land.

Counsel for appellant concede that under the rule announced in these cases and others therein cited, their client was obliged to take the surface drainage of water cast upon his land without negligence. Their contention is that he was not obliged to take the large quantities of solid matter carried upon his land by the surface drainage; and that the cases above cited and relied upon by the master and the court below were decided in respect to surface water only, and did not decide that loss resulting from the deposit of solid matter by the drainage or surface water is damnum absque injuria. We find no sound reason for limiting the application of the principle on which the Strauss and Rielly cases were decided to cases in which the loss results solely from the water itself and refusing to apply it in a case like the present. If the application of the principle is to be limited in the manner urged by counsel for appellant, the farmer who plows up the steep sodded hillside and permits the rains to wash the loose soil upon lands of his neighbor would be liable in damages for the injury resulting from the deposit of the soil. While we find no Pennsylvania de-

cision in which the principle has been held to apply as to loss which did not result from water alone, the weight of authority in other jurisdictions supports the conclusion that it applies in cases in which the loss results from alluvial deposits. In Middlesex Co. v. McCue, 149 Mass. 103, the defendant, by cultivating his own soil in the ordinary way, caused it to wash into the plaintiff's mill pond. It was held in an opinion by Holmes, J., that a man has a right to cultivate his land in the usual and reasonable way, as well upon a hill as in the plain, and that damage to the lower proprietor of the kind complained of was something against which he must protect himself as best he may, and it was intimated that the plaintiff could protect himself by building a wall upon his own land. We are constrained to hold that the court below was right in applying the principle announced in the Strauss and Rielly cases to the case at bar.

The decree is affirmed at the cost of appellant.